PER CURIAM.
The judgment of the Board of Governors of The Florida Bar entered October 20, 1961, in this disciplinary proceeding and filed in this court October 24, 1961, with the record and evidence and all proceedings had herein, came on to be reviewed by this court.
The report of the Board of Governors finds that respondent, Cliff Courtney, is a member of The Florida Bar, subject to the disciplinary provisions of Article XI, Integration Rule of The Florida Bar, as adopted by the Supreme Court of Florida March 4, 1950, and as subsequently amended, 31 F.S.A.
Pursuant to complaint filed by The Florida Bar May 26, 1961, respondent was. charged with unprofessional conduct in that he withheld distribution of funds entrusted to him, converted trust funds to his own personal use, issued numerous checks drawn on a bank account where there were insufficient funds to cover the amount of the checks, commingled trust funds with his own personal funds, and committed perjury before the Eleventh Judicial Circuit Grievance Committee “C”. By reason of these allegations, respondent was charged with violation of Paragraph 2 of Article XI of the Integration Rule of The Florida Bar, Paragraphs 11, 29 and 32, Section I, Rule B, and Paragraphs 1, 3, 27 and 30, Section II, Rule B, of the Code of Ethics of The Florida Bar, 31 F.S.A.
Copy of the complaint and notice of hearing were served upon respondent, and he neither filed an answer nor appeared to present testimony or otherwise participate in the hearing. During the hearing the respondent telephoned the referee and stated he did not attend the hearing for the reason he was required to appear in connection with certain criminal proceedings at the Dade County Courthouse earlier in the day, and after such criminal proceedings he did not feel well enough to attend the hearing. The respondent did not express any desire to present any testimony at the hearing or suggest that he wished to attend the hearing, and did not request any adjournment or future opportunity to testify.
Pursuant to evidence taken by the referee in support of charges alleged in the complaint, the referee found that the respondent had violated the Integration Rule and the Code of Ethics, and particularly
“Paragraph 2 of Article XI of the Integration Rule of The Florida Bar; and
*739 “Paragraphs 11, 29 and 32, Section I, Rule B, Ethics Governing Attorneys. Code of Ethics of The Florida Bar; and
“Paragraphs 1, 27, 28 and 30, Section II, Rule B, Ethics Governing Attorneys. Code of Ethics of The Florida Bar.”
The referee recommended that respondent be disbarred.
The Board of Governors of The Florida Bar approved the findings and recommendation of the referee, ordered and adjudged Cliff Courtney, the respondent, of being guilty of unprofessional conduct as charged, that he be disbarred from the practice of law in Florida, and that the cost of this proceeding in the sum of $253.74 be assessed against him.
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court. It is accordingly ordered and adjudged that the judgment of the Board of Governors of The Florida Bar dated October 20, 1961, that respondent, Cliff Courtney, is guilty of unprofessional conduct as charged, that he be disbarred from the practice of law in Florida, and that he pay the cost incurred in this proceeding in the sum of $253.74 be, and the same is approved and adopted as the judgment of this court. Execution is hereby directed to issue for the cost assessed against respondent.
ROBERTS, C. J., and THOMAS, DREW, THORNAL and O’CONNELL, JJ., concur.